IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WALTER JACK WHITE,<br><br>Defendant. | CR 13–39–BLG–DWM<br><br>ORDER |

This matter comes before the Court on Walter Jack White's Motion to Withdraw Guilty Plea. (Doc. 54.) The United States objects to Mr. White's Motion. (*Id*. at 2.)

Mr. White claims he entered his guilty plea without the advice of counsel and, in doing so, was forced to accept a plea agreement to which he did not wish to assent. (*Id*. at 2; Doc. 55 at 4; Doc. 56 at 2-4.) Regarding the agreement, Mr. White claims he did not wish to waive his right to appeal and did not confer with his retained counsel regarding its contents. (Doc. 56 at 2-4.) He also claims he was not given adequate representation or time to review discovery. (*Id*.) Mr. White contends that "the hurried and last minute pressured loss of his right to appeal without adequate advice is ineffective assistance of counsel and constitutes

-1-

a fair and just reason for withdrawal of a guilty plea before sentencing." (Doc. 55 at 4.)

On July 22, 2013, Mr. White entered, and the Court accepted, (*see* Doc. 57 at 43), his plea of guilty to Counts II and III of the Indictment. (Doc. 28.) Following entry and acceptance of White's guilty plea, he may now withdraw his plea only by demonstrating a fair and just reason for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004).

The Defendant claims *United States v. Davis*, 428 F.3d 802 (9th Cir. 2005), supports the conclusion that a fair and just reason may exist to justify withdrawal of his guilty plea. (Doc. 55 at 3.) In *Davis*, the Court of Appeals announced the standard for evaluating a defendant's motion to withdraw a guilty plea prior to sentencing. "Prior to sentencing, the proper inquiry is whether the defendant has shown a fair and just reason for withdrawing his plea even if the plea is otherwise valid." *Davis*, 428 F.3d at 806. The fair and just reason standard is a generous one. A defendant need not demonstrate actual prejudice. *Id*. at 808. A showing

that defense counsel's gross mischaracterization of the possible penalty for the crime charged could have motivated the defendant to plead guilty, for example, may constitute a fair and just reason for withdrawal of a guilty plea prior to sentencing. *Id*.

The Defendant's reliance on *Davis* is not misplaced. That precedent supports his claim that there may be a fair and just reason to allow him to change his plea. *Davis* does not, however, mandate the result Mr. White seeks. "While withdrawal of a guilty plea should be freely allowed prior to sentencing, there is no absolute right to change a plea. Rather, the decision is committed to the sound discretion of the district court." *United States v. Del Valle-Rojas*, 463 F.2d 228, 229 (9th Cir. 1972) (citations omitted).

After reviewing the transcript of the change-of-plea proceedings held on July 22, 2013 and the entirety of the record in this matter, it is plainly evident that the ends of justice are best served by denying Mr. White's Motion. Mr. White's Motion rests on two overarching claims: he did not know the contents of the plea agreement and did not have an opportunity to review discovery. Neither of these excuses support a finding that he should be allowed to withdraw his guilty plea because each is directly contradicted by Mr. White's statements under oath in open court at his change-of-plea hearing.

The central argument advanced by the Defendant's Motion is that he ought be allowed to withdraw his guilty plea because he was not aware of the contents of the plea agreement and was forced by his attorney, "under duress," to sign it. (Doc. 55 at 4.) In the affidavit supporting his Motion, Mr. White presents several claims in support of this argument. Each is directly contradicted by what transpired at his change-of-plea hearing.

Mr. White claims he was forced to accept the plea agreement. (Doc. 56 at ¶ 3.) At the change-of-plea hearing, he was directly asked: "do you feel you were forced to enter this plea agreement?" He replied, "No." (Doc. 57 at 17.)

Mr. White claims he did not read the plea agreement or get to discuss it with his counsel prior to entering his guilty plea. (Doc. 56 at ¶¶ 3, 5, 8.) At the change-of-plea hearing, Mr. White was asked whether he had read the entire document before he signed it. He replied that he had done so. (Doc. 57 at 15.) When asked to explain the significance of the initials "W.J.W." at the bottom of each page, Mr. White explained that he marked his initials— "W.J.W."—on the lower right-hand corner of each page of the plea agreement after reading the page. (*Id*. at 16.) The Court asked Mr. White to verify that he understood and agreed with the information presented on each page of the plea agreement when he read and initialed the page. (*Id*.) Mr. White stated that was correct and offered:

"When I read the page, if I had any questions, I asked my attorney at the time. And he explained it to me and I signed them—or initialed them." (*Id.*)  The Court verified for a third time that Mr. White understood the agreement and the significance of his signature thereupon, asking if he "did all of that before [he] signed off on the plea agreement." (*Id.*)  Mr. White replied:  "Yes, sir.  We had quite an extensive conversation about it at the time." (*Id.* at 17.)

Mr. White claims he did not knowingly waive his right to appeal.  (Doc. 56 at ¶ 8.)  The Court had a lengthy discussion regarding the appeal waiver with the Defendant at the change-of-plea hearing, including details about its meaning, scope, and possible exceptions.  (Doc. 57 at 19-22.)  Mr. White knowingly waived his right to appeal.

Mr. White states his dissatisfaction with the performance of his defense counsel both in his Motion, (Doc. 55 at 4), and supporting affidavit, (Doc. 56 at ¶¶ 3-4, 8).  When asked directly about the performance of his counsel at the change-of-plea hearing Mr. White stated he was satisfied with the representation provided and that he had no complaints about counsel's performance.  (Doc. 57 at 14.)

A secondary argument advanced in support of the Defendant's Motion is that a fair, just reason to grant leave to withdraw his plea is present because he has

not had an opportunity to review discovery, (Doc. 56 at ¶ 4), or discuss "defenses, any defense strategy, the discovery, drug amount, the charges, or the sentencing guidelines" with counsel, (*id.* at ¶ 8). The claims advanced in support of this argument are contrary to Mr. White's statements at the change-of-plea hearing. (*See* Doc. 57 at 14.)

The Court engaged in a thorough and searching inquiry with the Defendant at the change-of-plea hearing. Mr. White appeared in open court, was placed under oath, and addressed personally by the Court. (Doc. 28.) The Court advised the Defendant of each consideration enumerated in Federal Rule of Criminal Procedure 11(b)(1). (*See generally* Doc. 57.) In addition to advising Mr. White concerning the waiver of rights attendant to entering his plea of guilty, the Court specifically advised him of the permanence of the consequences of changing his plea. (*Id.* at 18.) The Court further determined that the plea was voluntarily entered and did not result from force, threats, or improper promises, pursuant to Rule 11(b)(2). (*Id.* at 17.) And before accepting the Defendant's guilty plea, the Court determined there was adequate factual basis for the plea as required by Rule 11(b)(3), based on both the Defendant's representations, (*id.* at 37 ("I distributed methamphetamine . . . . I had a gun in my possession.")), and those presented by the government, (*id.* at 38-40). Mr. White's statements under oath in open court at

the change-of-plea hearing stand in direct contradiction to the statements in his affidavit in support of his Motion, declared to be true under the penalty of perjury. "Solemn declarations in open court carry a strong presumption of verity." *United States v. Moore*, 599 F.2d 310, 314 (9th Cir. 1979) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)), *cert. denied*, 444 U.S. 1024 (1980). There is no fair or just reason to allow Mr. White to revisit the statements made at the change-of-plea hearing.

IT IS ORDERED that Defendant Walter Jack White's Motion to Withdraw Guilty Plea, (Doc. 54), is hereby DENIED.

DATED this 26th day of November, 2013.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT